## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERICK HOFFMAN,** | : | **CIVIL ACTION NO. 1:05-CV-0906** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICK DOUGHER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Presently before the court is a motion to dismiss (Doc. 4) plaintiff's claims

under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 for alleged civil rights violations, as

well as his pendent state tort claims.  Defendants, who are all employees of the

Pennsylvania Department of General Services ("Department"), contend that the

complaint fails to allege a deprivation of plaintiff's federal rights and that the

doctrine of sovereign immunity bars plaintiff's tort claims.  For the reasons that

follow, the motion will be granted in part and denied in part.

I.    **Statement of Facts**[1]

Plaintiff Erick Hoffman ("Hoffman") is a former employee of the

Pennsylvania Capitol Police ("Capitol Police"), a division of the Department's

Bureau of Police and Safety.  (Doc. 1 ¶ 26.)  Hoffman alleges that he was subjected

---

[1] In accordance with the standard of review for a motion to dismiss, the court
will present the facts as alleged in the complaint.  See infra Part II.  The statements
contained herein reflect neither the findings of the trier of fact nor the opinion of
the court as to the reasonableness of the parties' allegations.

to a pattern of harassment and retaliation by a number of Department employees

beginning in August 2002.  (Doc. 1 ¶¶ 1, 27.)

Hoffman's allegations can be divided into five distinct incidents.  The first

incident occurred in August 2002, when defendant Lieutenant Michael Shipp

("Shipp") shoved Hoffman[2] and informed him that he did not belong in the

administrative area of the Capitol Police building.  (Doc. 1 ¶¶ 27-28.)  Hoffman

reported this incident to defendant Superintendent Eugene Marzullo ("Marzullo"),

who told Hoffman to "mind his own business."  (Doc. 1 ¶ 29.)

The second incident occurred more than six months later, after Hoffman

participated in a union investigation of defendant Lieutenant Patrick Dougher

("Dougher").  (Doc. 1 ¶ 30.)  After the investigation, Dougher told Hoffman that if he

"kept it up," Dougher would make his "life difficult."  (Doc. 1 ¶ 31.)

The third incident occurred three months later after Hoffman complained to

Marzullo about the practice of officers smoking in the lunch room.  (Doc. 1 ¶ 33.)

Thereafter, Hoffman began to receive anonymous written threats in his mailbox

regarding his complaints of smoking.  (Doc. 1 ¶ 34.)

The fourth incident occurred two months later and concerned Hoffman's

order to testify against a supervisor at an Equal Employment Opportunity ("EEO")

---

[2] Although Hoffman originally alleged that this shove constituted an assault
and battery by Shipp, Hoffman now concedes that these claims fall outside the
applicable statute of limitations.  (See Doc. 1 ¶ 71; Doc. 12 at 10.)  Therefore, the
court will grant defendants' motion to dismiss Hoffman's assault and battery claims
without further discussion.

hearing on September 3, 2003.  (Doc. 1 ¶ 36.)  Five days prior to the hearing,

defendant Lieutenant Peter Papodopolos ("Papodopolos") said he would blow up

the homes of the people who testified at the EEO hearing.  (Doc. 1 ¶ 39.)  Three

weeks after the hearing, Hoffman found cheese and anonymous written threats

regarding his testimony at the hearing in his mailbox.  (Doc. 1 ¶¶ 37, 38.)

The final incident occurred more than six months later when Hoffman

informed several individuals in the Department, including defendant Deputy

Secretary Peter Speaks ("Speaks"), about evidence tampering and a pattern of

workplace harassment and retaliation.  (Doc. 1 ¶ 41.)  The next day, Hoffman was

notified that he must attend a pre-disciplinary conference.  (Doc. 1 ¶ 42.)  Hoffman

was suspended for two weeks without pay as a result of the hearing.  (Doc. 1 ¶ 50.)

Meanwhile, Hoffman had been suffering from back and wrist pain since

July 5, 2003.  (See Doc. 1 ¶¶ 35, 45, 48, 51.)  These ailments rendered Hoffman

unable to work on a number of occasions, including a period of more than four

months in 2004.  (Doc. 1 ¶¶ 46-47, 49, 51-52.)  In March 2005, Hoffman was offered

and accepted a disability pension.  (Doc. 1 ¶ 53.)

On May 3, 2005, Hoffman filed the instant action.  The complaint names nine

defendants, including Shipp, Marzullo, Dougher, Papodopolos, and Speaks.[3]

---

[3] The complaint contains no specific allegations against the other four
defendants, Donald Cunningham, Chuck Hodge, Gregory A. Green, and Richard
Shaffer.  (See Doc. 1.)  Cunningham, Hodge, and Green are upper-level
management employees for the Department, while Shaffer is a superintendent of
the Capitol Police.  (Doc. 1 ¶¶ 10, 12-13, 15.)

Hoffman alleges that defendants violated his First and Fourteenth Amendment rights, as protected by 42 U.S.C. § 1983.[4]  Hoffman also brings a state tort claim against defendants for intentional infliction of emotional distress.  Defendants filed the instant motion to dismiss, which has been fully briefed and is ripe for disposition.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d Cir. 2000) (citing <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); <u>see also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the

---

[4] Hoffman originally alleged violations of his civil rights under 42 U.S.C. §§ 1981, 1985, and 1986.  Hoffman now concedes that these claims are not supported by law and should be dismissed.  (<u>See</u> Doc. 12 at 4.)  Therefore, the court will grant defendants' motion to dismiss these claims without further discussion.

opposing party to conduct discovery and prepare a defense.  See FED. R. CIV. P. 8(a)

(stating that the complaint should include "a short and plain statement of the claim

showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S.

41, 45-46 (1957).  Thus, courts should not dismiss a complaint for failure to state a

claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  Id.; see Swierkiewicz v.

Sorema N.A., 534 U.S. 506, 514 (2002).  Under this liberal pleading policy, courts

should generally grant plaintiffs leave to amend their claims before dismissing a

complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d

103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.    Discussion

### A.    Section 1983 Claims

Section 1983 of Title 42 of the United States Code offers private citizens a

means to redress violations of federal law committed by state officials.  See

42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . . .

Id.  Section 1983 is not a source of substantive rights, but merely a method for

vindicating violations of other federal laws.  Gonzaga Univ. v. Doe, 536 U.S. 273,

284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To establish a

5

claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Plaintiffs' complaint includes two distinct § 1983 claims:  retaliation in violation of the First Amendment and deprivation of due process rights in violation of the Fourteenth Amendment.  The court will address each of these claims *seriatim.*

## 1. Retaliation

To state a prima facie claim of retaliation, the plaintiff must allege that: (1) the activity in question is protected by the First Amendment, (2) the defendants responded with retaliation, and (3) the protected activity was a "substantial factor" in the alleged retaliation.  See Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006); see also Estate of Marasco, 318 F.3d 497, 512 (3d Cir. 2003).  The first factor is a question of law, while the second and third are questions of fact.  Hill, 455 F.3d at 241.

### a. Protected Activity

A public employee's statement is a protected activity if: "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of

the statement he made."[5]  Id. (quoting Garcetti v. Ceballos, 126 S. Ct. 1951, 1958

(2006)).  When a public employee's statement is made "pursuant to . . . official

duties," the employee is not speaking as a citizen.  Garcetti, 126 S. Ct. at 1960.

Furthermore, in determining if speech is a matter of public concern, the court must

consider the "content, form, and context of a given statement, as revealed by the

whole record."  Connick v. Myers, 461 U.S. 138, 147-48 (1983).

In the matter *sub judice*, Hoffman alleges that he spoke as citizen about a

matter of public concern by:  (1) testifying at an EEO hearing; (2) complaining to his

superiors within the Capitol Police about smoking in the lunchroom; and (3)

complaining to his superiors within the Department about unlawful practices,

harassment, and retaliation.  (See Doc. 12 at 7.)  Nothing in the record indicates

whether Hoffman's statements were made according to an "official duty."  See

Garcetti, 126 S. Ct. at 1960.  Therefore, the question of whether Hoffman was

speaking "as a citizen" is better suited for disposition in a motion for summary

judgment.

The court notes that Hoffman's testimony at the EEO hearing generally

qualifies as a matter of public concern.[6]  See Green v. Phila. Hous. Auth., 105 F.3d

---

[5] In the instant case, defendants do not allege that they had an adequate justification for treating Hoffman differently from other members of the public. Therefore, the third prong of the protected activity analysis is not implicated by defendants' motion to dismiss.

[6] Defendants concede, for the purposes of the instant motion, that Hoffman's EEO testimony is a matter of public concern.  (See Doc. 13 at 7.)

882, 887 (3d Cir. 1997) (stating that the context of a hearing "raises speech to a level of public concern, regardless of its content"); <u>Pro v. Donatucci</u>, 81 F.3d 1283, 1290 (3d Cir. 1996) (advancing the public policy argument that fear of retribution could inhibit witnesses from testifying truthfully if testimony were not a matter of public concern).  With respect to Hoffman's complaints to his superiors, the record is devoid of evidence regarding the "content, form, and context"of these complaints. <u>Connick</u>, 461 U.S. at 147-48.  Accordingly, the question of whether these complaints implicate a matter of public concern is also more appropriately reserved for summary judgment.

### b.   Retaliatory Action

Turning to the second element of the prima facie case, Hoffman alleges that defendants retaliated against him by:  (1) placing anonymous threats and cheese in his mailbox; (2) threatening to blow up his home;[7] (3) suspending him for two weeks without pay; and (4) offering him an early pension.  (<u>See</u> Doc. 1 ¶¶ 34, 37-39, 50, 53.) To qualify as retaliatory, an employer's  conduct need only be sufficient "to deter a person of ordinary firmness from engaging in the First Amendment-protected activity."  <u>Breiner v. Litwhiler</u>, 245 F. Supp. 2d 614, 632-33 (M.D. Pa. 2003) (citing <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001).  Taken together,[8] defendants'

---

[7] This incident is attributed only to Papodopolos.  (<u>See</u> Doc. 1 ¶ 39.)

[8] Several of defendants' acts, such as placing cheese in Hoffman's mailbox, are too trivial to constitute retaliation when taken alone.  <u>See</u> <u>Brennan v. Norton</u>, 350 F.3d 399, 419 (3d Cir. 2003) (requiring that acts be "more than *de minimis* or trivial" to be retaliatory).

alleged acts could be sufficient to deter a reasonable employee from exercising his First Amendment rights.  See, e.g., McKee v. Hart, 436 F.3d 165, 173 (3d Cir. 2006) (concluding that suspension from work can constitute retaliation).  Thus, in the restricted posture of a Rule 12(b)(6) motion, the court finds that Hoffman has alleged sufficient facts to satisfy the retaliation element of the prima facie case.

### c.    Substantial Factor

Turning to the final element of the prima facie case, Hoffman alleges that his protected speech motivated defendants' retaliatory acts because the acts and his speech occurred closely in time.  (See Doc. 1 ¶¶ 34, 37-39, 42, 50.)  The temporal proximity of a retaliatory act to a plaintiff's exercise of his First Amendment rights is probative of the substantial factor element of a retaliation claim.  Estate of Smith, 318 F.3d at 512.  Accordingly, the court cannot discount Hoffman's allegations of a causal relationship at this stage in the proceedings.

For the foregoing reasons, defendants' motion to dismiss Hoffman's retaliation claim will be denied.

### 2.    Substantive Due Process

Defendants seek dismissal of Hoffman's Fourteenth Amendment claim on grounds that he has not alleged the deprivation of an interest that is entitled to due process protection.  In response, Hoffman fails to offer any argument to support his Fourteenth Amendment claim.  Accordingly, the court concludes that Hoffman has abandoned this claim, and the court will grant the motion to dismiss with respect to

this claim.[9]  See D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa.

1999) (noting that abandonment of a position is tantamount to waiver); see also

L.R. 7.6.

**B.    Intentional Infliction of Emotional Distress Claim**

In order to sustain a claim for intentional infliction of emotional distress

("IIED"), the plaintiff must establish that:  (1) the defendant's conduct was

intentional or reckless, (2) the defendant's conduct was extreme and outrageous,

(3) the defendant's conduct caused emotional distress, and (4) the resultant

emotional distress was severe.[10]  Brufett v. Warner Commc'ns, Inc., 692 F.2d 910,

914 (3d Cir. 1982).  For an IIED claim to survive, the court[11] must be satisfied that

---

[9] Even if Hoffman's actions did not constitute abandonment of the claim, he
has failed to allege facts sufficient to constitute a violation of his substantive due
process rights.  The Due Process Clause protects against deprivations of "life,
liberty, or property."  U.S. CONST. amend. XIV, § 1.  The threshold issue of due
process analysis is whether the plaintiff has been deprived of one of these protected
interests.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 316 (M.D. Pa. 2004).
Hoffman alleges that he was deprived of his right to "be employed in the stream of
American commerce and . . . participate in supporting the American nation through
the payment of taxes . . . ."  (Doc. 1 ¶ 17.)  However, Hoffman's interest in his
continuing employment with a state agency is not entitled to substantive due
process protection.  Nicholas v. Pa. State Univ., 227 F.3d 133, 142 (3d Cir. 2000); see
also Homar v. Gilbert, 63 F. Supp. 2d 559, 574 (M.D. Pa. 1999).

[10] The Pennsylvania Supreme Court has yet to formally recognize a cause of
action for IIED.  Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000).
However, the Court has indicated that if it were to recognize such a cause of action,
a plaintiff would, at minimum, need to allege the elements set forth above to
prevail.  Id.

[11] In Pennsylvania, the element of outrageousness has long been regarded as
an issue of fact initially reserved for the court.  Johnson v. Caparelli, 625 A.2d 668,
671 (Pa. 1993).

the defendant's alleged misconduct is so extreme and outrageous that it "go[es] beyond all possible bounds of decency, and . . . [is] regarded as atrocious, and utterly intolerable in a civilized society."[12]  <u>Wilkes v. State Farm Ins. Cos.</u>, No. 1:05-CV-586, 2005 WL 1667396, at *4 (M.D. Pa. July 15, 2005).  In the employment context, specifically, it is "extremely rare" to find conduct that will rise to this level of outrageousness.  <u>Cox v. Keystone Carbon</u>, 861 F.2d 390, 395 (3d Cir. 1988).

In the case *sub judice*, Hoffman alleges that defendants harassed him by placing anonymous notes and cheese in his mailbox and by leveling threats of violence.  (<u>See</u> Docs. 12 at 12; 1 ¶ 39.)  Although abhorrent, such conduct does not rise to the level of outrageousness required for a claim of IIED.[13]  Accordingly, defendants' motion to dismiss Hoffman's IIED claim will be granted, without prejudice to Hoffman's right to file an amended complaint averring facts sufficient to support this claim.

## IV.   <u>Conclusion</u>

For the foregoing reasons, the court will grant the motion to dismiss as to Hoffman's claims of assault and battery, Fourteenth Amendment due process violations under 42 U.S.C. § 1983, and civil rights violations under 42 U.S.C. §§ 1981,

---

[12] Conduct that has been deemed sufficiently outrageous to constitute IIED includes:  (1) killing the plaintiff's son with an automobile and then burying the body, rather than reporting the incident to the police; (2) intentionally fabricating documents that led to the plaintiff's arrest for murder; and (3) knowingly releasing to the press false medical records diagnosing the plaintiff with a fatal disease.  <u>Hoy v. Angelone</u>, 720 A.2d 745, 754 (Pa. 1998).

[13] Given that Hoffman has failed to establish a prima facie claim of IIED, the court need not consider defendants' further argument that such a claim would be barred by sovereign immunity.  (<u>See</u> Docs. 6 at 12-14; 13 at 2-4.)

1985, and 1986.  Additionally, the court will grant the motion to dismiss, with leave

to amend, as to Hoffman's claim of IIED.  The motion will be denied in all other

respects.

An appropriate order will issue.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      September 20, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERICK HOFFMAN,** | : | **CIVIL ACTION NO. 1:05-CV-0906** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICK DOUGHER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 20th day of September, 2006, upon consideration of the

motion to dismiss (Doc. 4), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that the motion to dismiss (Doc. 4) is

GRANTED in part and DENIED in part as follows:

1.   The motion to dismiss (Doc. 4) is GRANTED with respect to the claims
     of assault and battery, intentional infliction of emotional distress, civil
     rights violations under 42 U.S.C. §§ 1981, 1985, and 1986, and
     Fourteenth Amendment due process violations under 42 U.S.C. § 1983.

2.   Plaintiff shall be permitted to file, on or before October 4, 2006, an
     amended complaint averring facts sufficient to support a claim of
     intentional infliction of emotional distress.  See Grayson v. Mayview
     State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  In the absence of a timely
     filed amended complaint, the matter shall proceed on the remaining
     claims.

3.   The motion to dismiss (Doc. 4) is otherwise DENIED.


   S/ Christopher C. Conner   
CHRISTOPHER C. CONNER
United States District Judge